OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Camera.
[Cite as Disciplinary Counsel v. Camera (1994),     Ohio St.3d    .]
Attorneys at law -- Misconduct -- Indefinite suspension -- Conviction for perjury.
(No. 93-2180 -- Submitted December 7, 1993 -- Decided March 23, 1994.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-10.

On February 19, 1992, relator, Office of Disciplinary Counsel, filed a complaint alleging misconduct against respondent, Michael J. Camera of Lorain, Ohio, Attorney Registration No. 0000476. Relator charged that respondent had violated DR 1-102(A)(3) (illegal conduct involving moral turpitude), 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation), and 1-102(A)(5) (conduct prejudicial to the administration of justice); 7-102(A)(3) (concealment of that required by law to be revealed, during representation), 7-102(A)(5) (knowingly making a false statement of fact, during representation), and 7-102(A)(7) (assisting client in conduct known to be illegal or fraudulent, during representation). Respondent admitted all allegations contained in the complaint but, with the exception of DR 1-102(A)(3), did not admit the violations of the Disciplinary Rules.

The matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court on September 29, 1993.

On July 24, 1991, respondent pled guilty to one count of perjury in violation of R.C. 2921.11(A), a felony of the third degree. This criminal violation arose from respondent's signing an affidavit at a sheriff's sale that he was not attempting to purchase certain specified property for the benefit of or resale to Song Keith. Song Keith, because of her conviction in a criminal matter, had to forfeit this property and had engaged respondent to create a corporation to purchase the property. Respondent, in fact, knowingly bid on the subject property to purchase it for Song Keith's benefit and on

her behalf.

The Court of Common Pleas of Lorain County sentenced respondent to one year's incarceration and fined him $1,000, and assessed court costs. Respondent has served the sentence and paid the fine and court costs.

The panel found that respondent violated the Disciplinary Rules as charged in the complaint. A majority of the panel recommended that respondent be suspended for two years from the practice of law and that he be credited for time served since October 10, 1991, when his suspension began under former Gov. Bar R. V(9)(a)(iii). One member of the panel recommended that respondent be indefinitely suspended from the practice of law.

The board adopted the findings of fact and conclusions of law of the panel. However, it recommended that respondent be indefinitely suspended from the practice of law in the state of Ohio with credit for one year served. This would, according to the board's finding, resolve the split among the panel members and would require respondent to demonstrate his qualifications prior to reinstatement to the practice of law. The board further recommended that the costs of the proceedings be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Harald Craig III, Assistant Disciplinary Counsel, for relator.

Mark H. Aultman, for respondent.

Per Curiam. We adopt the findings of fact and conclusions of law of the board. However, we indefinitely suspend respondent from the practice of law without credit for time served. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas, J., dissenting. I respectfully dissent. I would concur with the recommendations of the board.